IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LT. GOV. PHIL BRYANT, et. al.                                                                PLAINTIFFS

VERSUS                                               CIVIL ACTION NO. 2:10-CV-76-KS-MTP

ERIC HOLDER, JR., in his official capacity as
Attorney General of the United States, et. al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This case, like many others filed throughout the country, involves a Constitutional challenge to the "minimum essential coverage" provision of the Patient Protection and Affordable Care Act ("PPACA"), 111 PUB. L. NO. 148, § 1501(b), 124 Stat. 119, 244 (2010) (codified as amended at 26 U.S.C. § 5000A). Presently before the Court is Defendants' Motion to Dismiss in Part and for Jurisdictional Discovery [29]. For the reasons stated below, Defendants' motion is **granted in part and denied in part**.

## I. BACKGROUND

The Court previously discussed the background of this case. *See Bryant v. Holder*, No. 2:10-CV-76-KS-MTP, 2011 U.S. Dist. LEXIS 23975, at *3-*7 (S.D. Miss. Feb. 3, 2011). On February 3, 2011, the Court granted Defendants' Motion to Dismiss for lack of standing. *Id.* at *39-*40. The Court held that Plaintiff Bryant had not alleged sufficient facts to show that he will certainly be injured by any purported limitations the PPACA placed on the health insurance options available to state employees. *Id.* at *36. The Court further held that Plaintiff Bryant had not alleged sufficient facts to show that he would certainly be subject to the tax penalty for failure to comply with the minimum essential coverage provision. *Id.* at *37. Finally, the Court held that Plaintiff Bryant did not have standing to assert claims for injuries to the sovereign interests of the state of Mississippi,

as he appears in his private and individual capacity. *Id.* at \*37-\*38. With respect to the remaining Plaintiffs, the Court held that they had not alleged sufficient facts to show that they will certainly be "applicable individuals" who must comply with the minimum essential coverage provision. *Id.* at \*33-\*34. The Court further held that they had not alleged sufficient facts to show that they will incur the tax penalty for non-compliance. *Id.* at \*34.

The Court allowed Plaintiffs to amend their petition, and Plaintiffs filed a Second Amended Petition [27] on March 4, 2011. Defendants promptly filed a Motion to Dismiss in Part and for Jurisdictional Discovery [29], which the Court now considers.

## II. DISCUSSION

Defendants again challenge Plaintiffs' standing to bring the present action. Article III of the United States Constitution limits this Court's jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 2. "The doctrine of standing is one of several doctrines that reflect this fundamental limitation." *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). The United States Supreme Court has described the following requirements as the "irreducible constitutional minimum" of standing:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (citations and punctuation omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561, 112 S. Ct. 2130. He must demonstrate that he has standing

to sue at the time the complaint is filed. *Pluet v. Frazier*, 355 F.3d 381, 385 (5th Cir. 2004). Only one of the Plaintiffs needs to have standing for the Court to consider their challenge. *Massachusetts v. EPA*, 549 U.S. 497, 518, 127 S. Ct. 1439, 167 L. Ed. 2d 248 (2007).

"When standing is challenged on the basis of the pleadings, [the Court] must accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Massachusetts*, 549 U.S. at 518 (punctuation omitted); *see also Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) ("At the pleading stage, allegations of injury are liberally construed."). However, "standing cannot be inferred argumentatively from averments in the pleadings, but rather . . . it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990) (internal citations and punctuation omitted). Application of the above requirements is not a "mechanical exercise." *Pennell v. City of San Jose*, 485 U.S. 1, 7, 108 S. Ct. 849, 99 L. Ed. 2d 1 (1988).

*A.   Present Injury*

In its previous decision, the Court noted that Plaintiffs had not alleged any present injury. *Bryant*, 2011 U.S. Dist. LEXIS 23975 at *22 n. 3. Rather, they alleged that they were threatened with various future injuries. *Id.* at *22, *35-*36. Accordingly, the Court's analysis focused on whether Plaintiffs had plead sufficient facts to show a certainly impending future injury. *Id.* at *24-

*37.

In Plaintiffs' Second Amended Petition, they alleged that they are currently "rearranging [their] financial affairs differently than [they] otherwise would in order to prepare for the January 1, 2014, implementation of the Individual Mandate." Each Plaintiff alleged that "he is making decisions to forego certain spending today, so that he will have the funds to pay for the penalties associated with his noncompliance and the associated legal costs of defending himself for noncompliance when the Individual Mandate begins implementation on January 1, 2014." Finally, each Plaintiff alleged that he has made "significant and costly changes in . . . personal financial planning, necessitating significant lifestyle changes and extensive reorganization of . . . personal and financial affairs." Therefore, Plaintiffs have "alleged or demonstrated that they [are] experiencing some current financial harm or pressure arising out of the individual mandate's looming enforcement in 2014." *N.J. Physicians, Inc. v. Obama*, No. 10-4600, 2011 U.S. App. LEXIS 15899, at *11-*12 (3rd Cir. Aug. 3, 2011). These allegations are sufficient to establish a present injury. *See Thomas More Law Ctr. v. Obama*, No. 10-2388, 2011 U.S. App. LEXIS 132655, at *9-*10 (6th Cir. June 29, 2011).

Defendants do not deny that other federal courts have found that allegations of present injury similar to those above are sufficient to satisfy Article III's case-or-controversy requirement. However, Defendants argue that the allegations of present injury are insufficient to establish Plaintiff Bryant's standing. "[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum for Academic & Inst. Rights, Inc.*, 547 U.S. 47, 52 n. 2, 126 S. Ct. 1297, 164 L. Ed. 2d 156 (2006); *see also Massachusetts*, 549 U.S. at 518, 127 S. Ct. 1438. Therefore, it is not necessary for the Court to assess Bryant's standing to pursue Count

One or Count Two of the Second Amended Petition.

Bryant, however, is the only Plaintiff asserting Count Three, which pertains to the sovereign interests of the state of Mississippi and alleged injuries to Mississippi's employees. Therefore, the Court must determine whether Bryant alleged sufficient facts to demonstrate his standing to bring those claims. Before the Court addresses the sufficiency of Bryant's allegations, it must revisit an aspect of its previous decision.

### B.   *Count Three and* **Bond v. United States**

In Count Three of the Second Amended Petition, Plaintiff Bryant asserts that the minimum essential coverage provision of the PPACA violates the "federal-state relationship" by forcing state employees to purchase health insurance either from their employer or in the private market. Bryant argues that the minimum essential coverage provision substitutes the judgment of the legislative and executive branches of the national government for that of the state of Mississippi and its employees regarding the type of insurance plans which may be offered to or rejected by state employees. Bryant contends that the minimum essential coverage provision violates the Tenth Amendment of the United States Constitution, and he challenges it as an employee of the state of Mississippi and as a private citizen – not as an elected official of the state of Mississippi.

In the Court's previous opinion, it dismissed this claim on the basis that Bryant did not have standing to pursue redress for an injury to the sovereign interests of the state of Mississippi, as he appears in his private and individual capacity. However, the Supreme Court of the United States recently issued an opinion in *Bond v. United States*, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011), which the Court must now address. The issue before the Court was "whether a person indicted for violating a federal statute has standing to challenge its validity on grounds that, by enacting it,

Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." *Id.* at 2360. There, like here, the plaintiff argued that Congress had "exceeded its powers . . . in contravention of basic federalism principles." *Id.* The United States Court of Appeals for the Third Circuit "held that because a State was not a party to the federal criminal proceeding, petitioner had no standing to challenge the statute as an infringement upon the powers reserved to the States." *Id.* However, the Supreme Court reversed, unanimously holding that the petitioner had standing to challenge the statute on the basis that it intruded upon the sovereignty and authority of the States. *Id.*

The Court held that an individual who challenges a statute promulgated by the national government on the basis that it interferes with state sovereignty seeks vindication of his own constitutional interests – not just those of the state. *Id.* at 2363. The division of powers and responsibilities between the national and state governments serves two coequal purposes: "The Framers concluded that allocation of powers between the National Government and the States enhances freedom, first by protecting the integrity of the governments themselves, and second by protecting the people, from whom all governmental powers are derived." *Id.* at 2364. Our federalist system protects individuals insofar as it "secures to citizens the liberties that derive from diffusion of sovereign power." *Id.* at 2364. (quoting *New York v. United States*, 505 U.S. 144, 181, 112 S. Ct. 2408, 120 L. Ed. 2d 120 (1992)). It ensures that individuals will not be forced "to rely solely upon the political processes that control a remote central power," and "[b]y denying any one government complete jurisdiction over all the concerns of public life, federalism protects the liberty of the individual from arbitrary power." *Id.* Therefore:

> The limitations that federalism entails are not . . . a matter of rights belonging only to the States. States are not the sole intended beneficiaries of federalism. An

>individual has a direct interest in objecting to laws that upset the constitutional balance between the National Government and the States when the enforcement of those laws causes injury that is concrete, particular, and redressable.

*Id.* (internal citation omitted).

Accordingly, "[i]f the constitutional structure of our Government that protects individual liberty is compromised, individuals who suffer otherwise justiciable injury may object." *Id.* at 2365. However, "[a]n individual who challenges federal action on these grounds is, of course, subject to the Article III requirements, as well as prudential rules, applicable to all litigants and claims. Individuals have no standing to complain simply that their Government is violating the law." *Id.* at 2366 (punctuation omitted). Therefore, when an individual litigant brings a Tenth Amendment claim, he must "show actual or imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision . . . ." *Id.*

In the Court's February 3, 2011, Memorandum Opinion and Order, it held that Plaintiff Bryant does not have standing to raise a Tenth Amendment claim for injury to the sovereign interests of the state of Mississippi. *Bryant*, 2011 U.S. Dist. LEXIS 23975 at *37. The Court withdraws that portion of its previous opinion. Plaintiff Bryant may assert such a claim, if he has alleged sufficient facts to show his own "actual or imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision . . . ." *Bond*, 131 S. Ct. at 2366. Therefore, the Court must now assess the sufficiency of Plaintiff Bryant's factual allegations.

## C.   *Bryant's Factual Allegations in Count Three*

Plaintiff Bryant alleges that he "is directly injured" by the minimum essential coverage provision because it requires "that the State of Mississippi offer health insurance plans to its

employees that conform solely to the judgment of the federal government of the United States, heedless of the desires of the employer or employees." He also alleges that he "is further injured by the enactment of the Individual Mandate, because he now cannot choose to drop the federally mandated plan that his employer must offer in favor of non-insurance without incurring penalties by Congress."

These allegations do not show a present injury. The minimum essential coverage provision is not effective yet. Therefore, to whatever extent Plaintiff Bryant's allegations demonstrate an injury, it is undisputed that it will occur in the future. However, Plaintiff Bryant's term of employment ends at the end of this year, and although he is currently campaigning for the office of governor of the state of Mississippi, it remains to be seen whether he will succeed in that endeavor. If Bryant is not a state employee when the essential minimum coverage provision becomes effective, then its alleged impact on Mississippi's employer-provided health insurance will not affect him.

With respect to Count Three, the Court finds that Plaintiff Bryant has not alleged sufficient facts to show an "imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision . . . ." *Id.* It is not certain that Bryant will even be an employee of the state of Mississippi when the minimum essential coverage provision becomes effective. Therefore, the factual allegations of Count Three do not show an imminent, concrete harm to Plaintiff Bryant – or as the Court described it previously, a harm that is certainly impending.[1] Accordingly, the Court grants Defendants' Motion to Dismiss as to Count

---

[1] *See Id.* (petitioner challenging federal statute on Tenth Amendment grounds must show an actual or imminent, concrete, particular harm); *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) ("A threatened injury must be 'certainly impending' to constitute injury in fact."); *Babbitt v. UFW Nat'l Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979) (". . . [o]ne does not have to await the consummation of threatened injury to

Three of the Second Amended Petition.

### D. *Violation of Medical Privacy*

Plaintiffs argue that the minimum essential coverage provision violates their fundamental right to medical privacy insofar as it will force them to obtain health insurance, and obtaining health insurance would require them to divulge personal medical information to an insurer. Defendants do not concede that requiring Plaintiffs to reveal personal information to a private third party would be a constitutional violation, but they assume that it would be a violation, for purposes of the present motion. Accordingly, it is not necessary for the Court to presently address whether such government action is constitutionally permissible. Defendants argue that Plaintiffs do not have standing to pursue this claim. As previously noted, the Court must accept as true the factual allegations of Plaintiffs' Second Amended Petition when addressing this argument. *Ass'n of Am. Physicians & Surgeons*, 627 F.3d at 550.

First, Defendants argue that the allegations of Plaintiffs' Second Amended Petition do not demonstrate that they will certainly be injured, as nothing in the statute requires individuals to disclose private information. Along a similar line of thought, Defendants also argue that, assuming an insurance company would demand such private information, it would not be the government coercing the disclosure, but, rather, a third party. These arguments are not persuasive.

Plaintiffs' complaint is that the statute requires them to obtain health insurance, and they allege that they would have to disclose private information in order to acquire health insurance.

---

obtain preventive relief. If the injury is certainly impending that is enough."); *United States v. SCRAP*, 412 U.S. 669, 688-89, 93 S. Ct. 2405, 37 L. Ed. 2d 254 (1973) ("A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected by the agency's action.").

Accordingly, Plaintiffs argue that the minimum essential coverage provision constitutes a de facto requirement that they disclose private information to a private third party to whom they would not voluntarily disclose such information or, alternatively, subject themselves to a government-imposed financial penalty. As previously noted, the Court assumes that Plaintiffs' factual allegations are true and that the coercion of which they complain is, in fact, a constitutional violation. Therefore, Defendants essentially argue that although the government may not violate the constitutional rights of its citizens, it may require citizens to give up their constitutional rights to a third party or be penalized for their failure to do so. The absurdity of this argument is apparent. The pertinent government action is not the required disclosure of private information. Rather, it is the threat of a financial penalty for non-disclosure. Regardless of who requires the information – the government or the private third party – it would still be disclosed under threat of government action.

   Defendants also argue that the allegations of Plaintiffs' Second Amended Petition do not demonstrate that they will certainly be required to provide such information to an insurance company. Indeed, Plaintiffs specifically alleged that they have no intention of complying with the minimum essential coverage provision, in any case. However, as the Court already noted, the injury at issue is not the required disclosure of the information, but, rather, it is the penalty for failing to disclose it. Plaintiffs' position is that the minimum essential coverage provision requires them to disclose private information to a private third party or subject themselves to a tax penalty. Plaintiffs specifically plead that they are currently rearranging their financial affairs in preparation for the imposition of such a penalty. Therefore, they have plead sufficient facts to demonstrate an injury fairly traceable to the alleged constitutional violation.

   Next, Defendants argue that it is uncertain whether insurance providers would even ask for

such personal information. However, Plaintiffs specifically plead that an insurance company would request it, and the Court must accept Plaintiffs' factual allegations as true. *Id.* At a minimum, this objection reveals a factual dispute which it would be inappropriate for the Court to determine at this juncture.

Defendants also argue that it is uncertain whether insurance providers would disclose the private information to any other parties, citing HIPAA. However, Plaintiffs do not complain of an insurance provider's potential disclosure of private information to other parties. Rather, they complain of being forced to disclose their private information to the insurance company itself or, alternatively, pay a tax penalty. The issue is not whether the insurance company would disclose the information; it is whether the minimum essential coverage provision constitutes a de facto requirement that individuals surrender private information to a private third party under threat of government action for non-compliance.

For all the reasons stated above, the Court denies Defendants' Motion to Dismiss insofar as it pertains to Plaintiffs' claim that the minimum essential coverage provision violates their right to privacy. The Court stresses, however, that this decision was largely determined by the standard of review and the assumption that there are, in fact, constitutional privacy issues at play here.

### E.     *Jurisdictional Discovery*

"The party seeking discovery bears the burden of showing its necessity." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). A party can meet this burden by alleging "specific facts crucial to [standing] which demonstrate a need for discovery." *Id.* at 342 (punctuation omitted). However, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Id.* The

Court possesses a substantial amount of discretion when addressing requests for jurisdictional discovery. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276-77 (5th Cir. 2006).

Defendants advanced an assortment of arguments in support of their request for jurisdictional discovery. The gist of them all is that Plaintiffs' various allegations of fact are too vague to make out a plausible claim for relief. The Court disagrees. Defendants are correct that Plaintiffs' Second Amended Petition – like its predecessors – could have been written with greater precision. However, Defendants are wrong if they think this necessarily merits jurisdictional discovery. Reading the Plaintiffs' Second Amended Petition as a whole and construing its contents in the light most favorable to Plaintiffs, the alleged discrepancies noted by Defendants are non-issues. Plaintiffs' factual allegations are not as detailed as they could be, but they are not, by any means, "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (punctuation omitted).

Regardless, the Court intends for this matter to enter the discovery period and proceed to resolution post-haste. This case was filed over a year ago, and it has not even entered discovery yet. There is little point in further delaying resolution of the case to conduct jurisdictional discovery when the case is about to move into the discovery period anyway.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss in Part and for Jurisdictional Discovery [29] is **granted in part and denied in part**. Specifically:

- The factual allegations of Plaintiffs' Second Amended Petition pertaining to Plaintiffs' current financial preparations are sufficient to show a present injury that is concrete, particular, fairly traceable to the minimum essential coverage provision, and likely to be redressed by a favorable decision. Because the Court finds that at least one Plaintiff has standing to bring Count One and Count Two, it is not necessary for it to address whether Plaintiff

      Bryant has standing to bring Count One and Count Two.

- The Court withdraws the portion of its previous opinion addressing whether a private individual may challenge a federal statute on the basis that it intrudes upon the sovereignty and authority of the states. Plaintiff Bryant may bring such a claim, if he alleged sufficient facts to show he has suffered or will suffer an actual or imminent harm that is concrete and particular, fairly traceable to the conduct of which he complained, and likely to be redressed by a favorable decision.

- Plaintiff Bryant did not allege sufficient facts to show that he will be an employee of the state of Mississippi when the minimum essential coverage provision becomes effective. Therefore, with respect to Count Three, he did not show an imminent, concrete harm arising from the minimum essential coverage provision's effect on the health insurance plans offered by the state of Mississippi to its employees. Accordingly, the Court grants Defendants' Motion to Dismiss as to Count Three.

- The Court denies Defendants' Motion to Dismiss as it pertains to Plaintiffs' privacy claim.

- The Court denies Defendants' Motion for Jurisdictional Discovery.

Finally, Plaintiffs suggested in their briefing on Defendants' second motion to dismiss that the Court should proceed to address the merits of Plaintiffs' claims as previously addressed in the parties' briefing on Defendants' first Motion to Dismiss. However, that motion is moot, as it pertained to Plaintiffs' First Amended Petition. The Court disposed of this matter's only pending motion in this opinion and order.

The parties shall contact the chambers of the Magistrate Judge within one week of the entry of this order to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED** this 29th day of August, 2011.

                                                   *s/Keith Starrett*
                                                   UNITED STATES DISTRICT JUDGE